IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRIGNIA
Richmond Division

JACQUELINE LENORLIA TAYLOR,

    Plaintiff,

v.                             Civil Action No. 3:16cv241

ROYAL AHOLD NV,
KONINKIJIJKE AHOLD (AHony)
AHOLD USA/GIANT MARTINS
FOOD & PHARMACY,

    Defendant.

### MEMORANDUM OPINION

This matter is before the Court on the MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANT GIANT FOOD STORES, LLC FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (ECF No. 5) filed by Defendant Royal Ahold NV Koninkijke Ahold ("Ahony") Ahold USA/Giant Martins Food & Pharmacy's Motion to ("Giant Food Stores"). For the reasons stated below, the motion will be granted and this action will be dismissed with prejudice.

### INTRODUCTION

The Complaint filed by Jacqueline Lenorlia Taylor (ECF No. 3), even when read generously, presents largely incomprehensible assertions and no cognizable claims. Thus, even liberally construed as required by precedent, the Complaint lacks coherence. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). The

level of incoherence is such that this case could be dismissed as containing only "fanciful factual allegation[s]," making it frivolous under 28 U.S.C. § 1915(d). See Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("§ 1915(d)'s term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.") Nevertheless, the Defendant has responded to the perceived substance of the Complaint in its motion to dismiss (ECF No. 5), and its construction of the Complaint is not an unreasonable one. Adopting the liberal construction used by the Defendant, the Complaint nonetheless fails to state a claim upon which relief can be granted. Therefore, the Defendant's motion will be granted.

## DISCUSSION

By its own terms, the Complaint alleges (1) violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a) et seq.; (2) violation of Title VI, 42 U.S.C. § 2000(d); (3) violation of the Pennsylvania and Massachusetts Constitutions; (4) violation of the Virginia Human Rights Act, Va. Code § 2.2-3900 et. seq.; (5) violation of the Defendant company's internal ethics policy; (6) violation of the Defendant company's internal policy against retaliation; and (7) violation of the Fourteenth Amendment. Read liberally, the complaint also may be read to

assert state law claims for defamation, intentional infliction of emotional distress, and assault. All of these claims or potential claims are legally defective.

**A.   Count I: Title II, Title VI, and the Fourteenth Amendment**

Taylor's first claim seeks to recover damages under "Title II and Title VI of the Civil Rights Act of 1866 and 1964 (Public Accommodations Act) 42 USC 2000(A)(B). et al., and The [sic] Fourteenth Amendment to the Constitution of the United States." (Complaint 6). Even liberally read, Count I of the Complaint fails plausibly to state a claim upon which relief may be granted.

<u>Title II</u>

To establishes a prima facie case of Title II public accommodation discrimination, Taylor must show that she: (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation; (3) was denied those benefits and enjoyment; and (4) was treated less favorably than similarly situated persons who are not members of the protected class. Additionally, only injunctive relief is available under the act. <u>Newman v. Piggie Park Enterprises, Inc.</u>, 390 U.S. 400, 402 (1968)("When a plaintiff brings an action under that Title, he cannot recover damages.")

Plaintiff fails to plausibly state a prima facie case under Title II. Although she contends that she was discriminated and harassed "on the basis of race color, sex/sexual orientation, social and financial statuses[, and] more explicitly those who are homeless and unemployed," her complaint fails to plausibly allege that the Defendant was responsible for this discrimination, and otherwise alleges facts so "fanciful" that they are "frivolous" within the meaning of 42 U.S.C. § 1915(d).[1] Moreover, the Complaint avers that the alleged treatment was "retaliation against the Plaintiff for her filing numerous discrimination, stalking, and sexually offensive/harassing [sic], complaints with Defendants Corporate Customer Service Department." (Compl. ¶26). By her own admission, therefore, the Defendant's conduct was motivated by the "numerous" complaints she filed with customer service, and not because of Taylor's race.

---

[1] Among other implausible claims, Taylor's complaint includes allegations that the Defendant was responsible for enlisting other customers to attack her with shopping carts and for arranging "proxy stalking teams [that] were established in the community, malls, and other shopping centers." In her own words, Taylor claims that the allegedly actionable discrimination "a great majority of the time, were by way of staged public routine enactments within and outside Defendant's places of accommodations utilizing Defendant, patrons, community members and the person who stalks Plaintiff on a daily basis." (Pl. Reply 3). The Court notes that "[t]he person who stalks Plaintiff on a daily basis" is not identified further by the Complaint as an employee of, or anyone otherwise associated with, the Defendant.

The Title II charge is further deficient because the conduct alleged in the Complaint has not been plausibly connected any actual person or employee associated with the Defendant. Taylor claims that she received "several death threats and sexual assaults" and "was told that she was not welcome in Defendant's place of accommodation," but cannot identify who allegedly said any of these things. (Compl. ¶20). In her Complaint, Taylor offers only the incomprehensible statement that "Defendant did so in an unidentifiable manner by disclosing his presence." Id. Even in her reply, which purported to respond to the Defendant's argument that it was not tied to any of the alleged conduct, Taylor could offer only that "some of the threat [sic] and warnings were intermeshed with the voices which sounded alike [sic] the voices of two of the Defendant's male Managers, and some of Defendant's first and second shift employees and workers in other accommodations within the vicinity where I routinely reside." (Pl. Reply at 10). These statements do not plausibly connect any of the alleged conduct to the Defendant. Thus, Taylor's Title II claim must be dismissed.

## Title VI

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be

subjected to discrimination under any program or activity receiving Federal financial assistance. 42 U.S.C. § 2000d. The two elements of Title VI that must be pled are therefore (1) that the Defendant engages in racial discrimination, and (2) that the Defendants receive federal funds. See, e.g., Farmer v. Ramsay, 41 F. Supp. 2d 587, 592 (D. Md. 1999).

Taylor fails to plausibly satisfy either element of a Title VI claim. She cannot meet the first element for the same reason her Title II claim fails—because she has not connected the allegedly discriminatory conduct to the Defendant or his employees; moreover, and she has not even attempted to plead the second element—that the Defendant is a recipient of federal funds. Therefore, her Title VI claim must be dismissed.

### Fourteenth Amendment Claims

Taylor's also alleges that her rights under the Fourteenth Amendment have been violated. But, "the Fourteenth Amendment, by its very terms, prohibits only state action." United States v. Morrison, 529 U.S. 598, 621 (2000). State action is present only if there is a "close nexus between the State and the challenged action," such that the action "may be fairly treated as that of the State itself." Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974). Taylor alleges no such nexus, and common sense teaches that the state action requirement is not met in this case. The Fourteenth Amendment therefore does not apply to the

conduct alleged, and her claim under the Amendment must be dismissed. For the same reason, Taylor's Fourteenth Amendment claims contained in Count VII will also be dismissed.

**B. Counts II and III**

Counts II and III of the Complaint allege that the Defendant violated Taylor's rights under the Pennsylvania and Massachusetts constitutions. Those constitutions do not apply. "Virginia applies the *lex loci delicti,* the law of the place of the wrong, to tort actions." Milton v. IIT Research Inst., 138 F.3d 519, 521 (4th Cir. 1998); see also Jones v. R.S. Jones & Assoc., 246 Va. 3, 5 (1993). Even accepting every fanciful allegation pled in the Complaint as true, the place of the wrong in this case is exclusively Virginia. Thus, the substantive law of Pennsylvania and Massachusetts (or any other state) does not apply, and Taylor has failed to state a claim upon which relief may be granted. Counts II and III of the Complaint will therefore be dismissed.

**C. Count IV: Virginia Human Rights Act**

Count IV of the Complaint alleges violation of the Virginia Human Rights Act, Va. Code § 2.2-3900 *et. seq.*, but Taylor's claim is barred by the express language of that statute. The statute provides that "[n]othing in this chapter or in Article 4 (§ 2.2-520 et seq.) of Chapter 5 creates, nor shall it be

construed to create, an independent or private cause of action to enforce its provisions, except as specifically provided in subsections B and C." Va. Code § 2.2-3903(A). Subsection (B) applies only to employers with less than 20 employees, and provides a cause of action only to employees. Va. Code § 2.2-3903(B). Subsection (C) provides the procedures for the cause of action, and confirms that it is available only to employees. Va. Code § 2.2-3903(C). Subsection (D) confirms that subsections (B) and (C) provide the exclusive basis for a private cause of action under the Act. Va. Code § 2.2-3903 (D). Taylor has not alleged that she is, has ever been, or has ever even applied to be, an employee of the Defendant. Count IV therefore fails to present a claim upon which relief may be granted, and will be dismissed with prejudice.

D. **Count V: Violation of Company Code of Ethics[2]**

Count V of the Complaint alleges violation of the Defendant's internal "Code of Ethics." Neither federal law nor the Commonwealth of Virginia recognizes an independent cause of action in such circumstances, a fact that has not changed since the Plaintiff unsuccessfully asserted this same claim in May of this year. See Taylor v. Ahold, USA, Civ. Action No. 3:16cv248,

---

[2] Identified as a second "Count IV" in the Complaint.

ECF No. 2, (May 2, 2016). Therefore, Count V will also be dismissed with prejudice.

### E. Count VI: Retaliation[3]

Count VI, entitled Count V in the Complaint, also alleges violation of an internal company policy, namely "No Retaliation." In addition to the defects noted in the analysis of Count IV above, Taylor has not alleged that she is, has ever been, or has ever applied to be an employee of the Defendant. To the extent this portion of the Complaint can conceivably be interpreted as asserting a retaliation claim under Title VII, it therefore fails to state a claim (independent of Count I) upon which relief may be granted. See 42 U.S.C. § 2000e-3. For that reason and for the reasons outlined in Counts I and IV, Count VI will also be dismissed with prejudice.

### F. Count VII: Fourteenth Amendment Claim[4]

Count VII, entitled Count VI in the Complaint, restates the factual allegations contained earlier in the complaint (especially Count I) and repackages them as a second claim that the Defendant's conduct violated the Fourteenth Amendment. For the reasons already stated in the discussion of Count I, this

---

[3] Identified as count "Count V" in the Complaint. The Complaint contains two "Count IVs".
[4] Identified as count "Count VI" in the Complaint. The Complaint contains two "Count IVs".

claim must also be dismissed (because it fails to plausibly satisfy the state-action requirement of the Fourteenth Amendment).

### G. Unenumerated Claims Conceivably Raised in Complaint

Although the Complaint itself asserts only the counts provided above, its factual allegations (liberally construed) conceivably raise additional unenumerated state law claims. These claims include: (1) assault, (2) intentional infliction of emotional distress, and (3) defamation. These claims suffer from many of the defects already noted in the Plaintiff's federal claims, especially those associated with Count I. Nevertheless, those defects need not be rehashed. Because each federal claim asserted in the Complaint will be dismissed, no basis for the adjudication of any remaining (unenumerated) state-law claims remain exists. Pursuant to its discretion under 28 U.S.C. § 1367(c)(3), the Court thus elects not to exercise its supplemental jurisdiction over any of those claims because there is no basis to do so. See also Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 636 (2009).

## CONCLUSION

For the reasons outlined above, the MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANT GIANT FOOD STORES, LLC FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (ECF

No. 5) will be GRANTED, and this action will be DISMISSED with prejudice.

The Clerk is directed to send a copy of the Memorandum Opinion to the plaintiff.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 20, 2017